Edna C. Andrews v. Commissioner.
Andrews v. Commissioner
Docket No. 17277.
United States Tax Court
1949 Tax Ct. Memo LEXIS 169; 8 T.C.M. (CCH) 545; T.C.M. (RIA) 49136; June 1, 1949
*169 Armond M. Jewell, Esq., for the petitioner. Robert H. Kinderman, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves income taxes for the calendar years 1943, 1944, and 1945. Deficiencies were determined in the amounts of $186.68, $246.44, and $305.77, respectively. The respondent urges addition of the 5 per cent negligence penalty. The only question for consideration is the deductibility of amounts claimed for contributions, taxes, losses, medical expense, and "miscellaneous expenses." From evidence adduced we make the following Findings of Fact The petitioner resides at Placerville, California. The returns involved were filed with the collector for the sixth district of California. They stated gross income as follows: 1943 - $3,192.21, of which $1,529.22 was from salary and wages and $1,662.99 from income from a fiduciary income; 1944 - $2,744.91, of which $1,100.44 was from salary and wages and $1,644.47 from an estate or trust; and 1945 - $2,966.14, of which $449.50 was wages and salary and $2,516.64 from an estate or trust. The Chase National Bank was the fiduciary estate and trust named in the three *170 returns. For the year 1942 (involved because of Current Tax Payment Act of 1943) gross income reported was $1,942.86, of which $359.41 was salary and compensation for personal services and $1,583.45 income from Chase National Bank fiduciary. The petitioner during the taxable years was a member of the Unity Church and attended twice a week and contributed thereto, regularly $10 a month, in addition to small collections of about one dollar a week. In 1942 and 1943 she contributed each year to the Community Chest and Red Cross, about $7.50 to each; to the Tuberculosis Society $2; to the Hollywood Humane Society $15; also to Orthopedic Hospital $10. In the year 1944 petitioner contributed to Orthopedic Hospital $10; Children's Home $1; to Community Chest and Red Cross each $5. In 1945 she contributed to Red Cross and Community Fund each $5 and to Tuberculosis Society $2. She paid doctors' bills as follows: In 1944, $12; in 1945, $333.78. Opinion We have been able to arrive at the above facts only by application, as to various items, of the principle set forth in Cohan v. Commissioner, 39 Fed. (2d) 540; for the evidence is sparse and vague except on certain expenses *171 shown by receipts or statements, and stipulated, as to 1944 and 1945. We have, despite lack of evidence for 1943, on the principle of the Cohan case, considered contributions to be about the same as for 1944 and 1945, and as to 1944 increased the church contributions actually shown to correspond roughly with proof made as to 1945 and general testimony as to church contributions. Further, we can not reasonably go. The petitioner suggests lack of duty to keep records because of income being from salary and wages, but the returns show that in all years the major portion of income was from Chase National Bank, fiduciary. The petitioner could give no testimony on some items claimed. Except as to the items above found, it is clear that no proof even tending to establish claimed deductions was adduced. The amounts paid to physicians for 1944 are obviously insufficient to establish deduction under section 23(x) of the Internal Revenue Code, considering the amount of gross income; and logic does not permit approximating such bills to be about the same as for the following year as we have done as to church contributions indicated to be more or less constant. The physicians' *172 bills for the year 1945 would require application of section 23(x) of the Code, had proof been made that the bills were "not compensated for by insurance or otherwise"; but such proof is altogether lacking, so that the section can not be applied. We can not assume that the expenses were not covered by some form of insurance or compensation. The respondent determined in the deficiency notices and invokes the 5 per cent negligence penalty under section 293(a) of the Internal Revenue Code. The record before us is such that we consider that the deficiencies are in part due to negligence without intent to defraud, therefore the 5 per cent of the deficiencies is approved as penalty. Decision will be entered under Rule 50.